# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT KOUVERAS, KAREN ALLEN, and KAREN WEBSTER, individually and on behalf of all others similarly situated, | Case No. 9:23-cv-80964 |
| Plaintiffs, | **COMPLAINT – CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| PLATINUM CHOICE HEALTH CARE LLC, | |
| Defendant. | |

Plaintiffs Robert Kouveras, Karen Allen, and Karen Webster (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## NATURE OF ACTION

1. This case involves a campaign by Defendant Platinum Choice Health Care LLC ("Defendant" or "Platinum Choice") to market its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

2. Mr. Kouveras also alleges that Defendant uses automated systems to make telemarketing calls to Florida residents and that by doing so, Defendant has violated the provisions of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059.

3. Ms. Allen also alleges that Defendant made unsolicited telemarketing calls to Virginia telephone numbers on the National Do Not Call Registry and that by doing so, Defendant has violated the provisions of the Virginia Telephone Privacy Protection Act, Va. Code § 59.1-510 *et seq*.

4. The recipients of Defendant's illegal calls, which include Plaintiffs and the proposed Classes, are entitled to damages under the TCPA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5. Plaintiff Robert Kouveras is an individual who is a Florida resident.

6. Plaintiff Karen Allen is an individual who is a Virginia resident.

7. Plaintiff Karen Webster is an individual who is a Georgia resident.

8. Defendant Platinum Choice Health Care LLC is a Delaware limited liability company that has its principal place of business in this District.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has general personal jurisdiction over Defendant because its principal place of business is in this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this District and the telephone calls at issue were made from this District.

## TCPA BACKGROUND

The National Do Not Call Registry

12. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

<u>The Florida Telephone Solicitation Act</u>

15. The Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA") was amended by Senate Bill No. 1120 on July 1, 2021 and further amended by House Bill No. 761 on May 25, 2023.

16. Prior to May 25, 2023 it was a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

17. Effective May 25, 2023, it is a violation of the FTSA to "make or knowingly allow to be made an unsolicited telephonic sales call if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

18. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining

information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

19. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

The Virginia Telephone Privacy Protection Act

20. Virginia has also passed the Virginia Telephone Privacy Protection Act, Va. Code § 59.1-510 *et seq.* ("VTPPA") to protect its consumers from unwanted telemarketing.

21. It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Code § 59.1-514(B).

## FACTUAL ALLEGATIONS

22. Defendant Platinum Choice is a "person" as the term is defined by 47 U.S.C. § 153(39).

23. Defendant sells insurance services.

24. In order to generate new clients, Defendant makes outbound telemarketing calls.

25. Defendant has no prior relationship with the individuals it calls and does not have prior express written consent to make those calls.

Calls to Plaintiff Kouveras

26. Plaintiff Kouveras' telephone number, 813-562-XXXX, is used for residential purposes and is used for personal purposes.

27. That number is not associated with a business.

28. Plaintiff Kouveras registered his number on the National Do Not Call Registry in 2014.

29. Despite this, Plaintiff Kouveras received telemarketing calls from Defendant on numerous occasions, including on May 30, 31, June 9, 12, and 13, 2023.

30. Plaintiff Kouveras knew the caller was calling from Platinum Choice because Platinum Choice was displayed on the Caller ID.

31. Plaintiff Kouveras repeatedly asked Defendant to no longer contact him.

32. Despite that, Plaintiff Kouveras received the subsequent calls.

33. The telemarketing calls inquired if the call recipient was looking for health insurance and offered Defendant's services.

34. The callers also mentioned that they were calling with an offering from www.Platinumchoicehealthcare.com.

35. That is Defendant's website.

36. The calls were sent with an automated system for the selection and dialing of telephone numbers, as Plaintiff Kouveras answered the calls and there was a pause and audible click prior to anyone appearing on the line.

37. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

38. Furthermore, the Caller ID numbers utilized by Defendant were selected by a computer to make it appear as if they were calling from Plaintiff Kouveras' area code, which is indicative of use of an automated system for the selection and dialing of telephone numbers.

Calls to Plaintiff Webster

39. Plaintiff Webster's telephone number, 402-208-XXXX, is used for residential purposes and is used for personal purposes.

40. That number is not associated with a business.

41. Plaintiff Webster registered her number on the National Do Not Call Registry in 2017.

42. Despite this, Plaintiff Webster received telemarketing calls from Defendant on numerous occasions, including on April 27 and May 30, 2023.

43. The calls came from the same Caller ID number, 402-685-9603.

44. The telemarketing calls inquired if the call recipient was looking for health insurance services, including supplemental insurance to ensure that household bills were paid for.

45. On one such call, Ms. Sohair from Defendant wanted Plaintiff Webster's Medicare information so she could charge Plaintiff Webster's Medicare account for the services offered by Defendant.

46. The caller also mentioned that they were calling with an offering from www.Platinumchoicehealthcare.com.

47. That is Defendant's website.

<u>Calls to Plaintiff Allen</u>

48. Plaintiff Allen's telephone number, 804-956-XXXX, is used for residential purposes and is used for personal purposes.

49. That number is not associated with a business.

50. Plaintiff Allen registered her number on the National Do Not Call Registry in 2019.

51. Despite this, Plaintiff Allen received telemarketing calls from Defendant on numerous occasions, including on May 17, June 1, and 13, 2023.

52. The telemarketing calls inquired if the call recipient was looking for health insurance services, including supplemental insurance to ensure that household bills were paid for.

53. The caller also mentioned that they were calling with an offering from www.Platinumchoicehealthcare.com.

54. That is Defendant's website.

55. Plaintiffs and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiffs and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

56. Plaintiffs bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3):

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the United States who (1) received a telephonic sales call regarding Defendant's goods and/or services (2) using the same equipment or type of equipment utilized to call Plaintiff Kouveras (3) since July 1, 2021.
>
> **Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the United States who (1) received a telephonic sales call regarding Defendant's goods and/or services (2) to a number on the National Do Not Call Registry (3) since July 1, 2021.
>
> **Virginia Telephone Privacy Protection Act Do Not Call Registry Class:** All persons in Virginia or with a Virginia area code who (1) received a telephonic sales call from Defendant and/or a third party acting on its behalf regarding goods or services (2) to a number on the National Do Not Call Registry (3) from the four years prior to the filing of the complaint through the date of trial.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

57. Defendant and its employees or agents are excluded from the Classes. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

58. Plaintiffs bring all claims in this action individually and on behalf of Class members against Defendant.

**Numerosity**

59. Members of the Classes are so numerous that their individual joinder is impracticable.

60. On information and belief, based on the technology used to call Plaintiffs, which is used to make calls *en masse*, members of the Classes number in the thousands.

61. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.

62. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

**Commonality**

63. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.

64. Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act, the Virginia Telephone Privacy

Protection Act, or the Florida Telephone Solicitation Act and whether Class members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

65. All Plaintiffs are members of the Telephone Consumer Protection Act Do Not Call Registry Class.

66. Plaintiff Allen is a member of the Virginia Telephone Privacy Protection Act Do Not Call Registry Class.

67. Plaintiff Kouveras is a member of the Florida Telephone Solicitation Act Autodial Class and the Florida Telephone Solicitation Act Do Not Call Registry Class.

68. The claims of the named Plaintiffs are typical of the claims of the Classes because the named Plaintiffs, like all other Class members, received unsolicited telephonic sales calls from Defendant without giving their consent to receive such calls.

## Adequacy of Representation

69. Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.

70. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

## Superiority

71. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.

72. Many of the Class members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

73. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

74. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

75. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

76. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Violation of the Florida Telephone Solicitation Act**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff Kouveras and the Florida Telephone Solicitation Act Autodial Class**

77. Plaintiff Kouveras repeats and incorporates the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

78. Plaintiff Kouveras brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class members against Defendant.

79. It is a violation of the FTSA to "make or knowingly allow to be made an unsolicited telephonic sales call if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is

completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

80. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

81. Defendant failed to secure prior express written consent from Plaintiff Kouveras and the Class members.

82. In violation of the FTSA, Defendant made and/or knowingly allowed unsolicited telephonic sales calls to be made to Plaintiff Kouveras and the Class members without Plaintiff Kouveras' and the Class members' prior express written consent.

83. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff Kouveras and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

84. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Kouveras and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff Kouveras and the Class members are also entitled to an injunction against future calls. *Id.*

# COUNT II
**Violation of the Florida Telephone Solicitation Act**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff Kouveras and the Florida Telephone Solicitation Act Do Not Call Registry Class**

85. Plaintiff Kouveras repeats and incorporates the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

86. Plaintiff Kouveras brings this claim individually and on behalf of the Florida Telephone Solicitation Act Do Not Call Registry Class members against Defendant.

87. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" is on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

88. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

89. Defendant failed to secure prior express written consent from Plaintiff Kouveras and the Class members.

90. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff Kouveras and the Class members without Plaintiff Kouveras' and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

91. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Kouveras and the Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff Kouveras and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT III**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227**
**On Behalf of Plaintiffs and the Telephone Consumer Protection Act Do Not Call Registry Class**

92. Plaintiffs repeat and incorporate the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

93. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiffs and the Class despite their numbers being on the National Do Not Call Registry.

94. The Defendant's violations were negligent, willful, or knowing.

95. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the Class presumptively are entitled to an award of between $500.00 and $1,500.00 in damages for each and every call made.

96. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## COUNT IV
### Violation of the Virginia Telephone Privacy Protection Act
### Va. Code § 59.1-514
### On Behalf of Plaintiff Allen and the Virginia Telephone Privacy Protection Act Do Not Call Registry Class

97. Plaintiff Allen repeats and incorporates the allegations set forth in paragraphs 1-76 as if fully set forth herein.

98. Plaintiff Allen brings this claim individually and on behalf of the Virginia Telephone Privacy Protection Act Do Not Call Registry Class members against Defendant.

99. It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Code § 59.1-514(B).

100. A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id.* at § 59.1-510.

101. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

102. In violation of the VTPPA, Defendant and/or its agents made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

103. As a result of Defendant's conduct, and pursuant to Section 59.1-515 of the VTPPA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiffs and all Class members statutory damages of $500.00 for each violation of the TCPA, VTPPA, or FTSA and $1,500.00 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiffs are proper representatives of the Classes, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Classes; and

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs request a jury trial as to all claims of the complaint so triable.

Dated: June 26, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**/s/ Geoffrey J. Moul**
　　　　　　　　　　　　　　　　　　　　Geoffrey J. Moul (92496)
　　　　　　　　　　　　　　　　　　　　Murray Murphy Moul + Basil LLP
　　　　　　　　　　　　　　　　　　　　1114 Dublin Road
　　　　　　　　　　　　　　　　　　　　Columbus, OH 43215
　　　　　　　　　　　　　　　　　　　　(614) 488-0400
　　　　　　　　　　　　　　　　　　　　(614) 488-0401 facsimile
　　　　　　　　　　　　　　　　　　　　moul@mmmb.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*